**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAMBI TAYLOR, | : | CIVIL ACTION NO. 10-1476 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| GLOBAL CREDIT & COLLECTION CORPORATION, | : | |
| Defendant. | : | |

**COOPER, District Judge**

The plaintiff, Tambi Taylor, brought this action against the defendant, Global Credit & Collection Corporation, asserting that the defendant violated the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. entry no. 1, Compl. at 1, 5.) The defendant now moves to transfer venue to the United States District Court for the District of Maryland. (Dkt. entry no. 7, Mot. to Transfer Venue.) The plaintiff opposes the motion. (Dkt. entry no. 9, Pl. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court will grant the motion to transfer venue.

**BACKGROUND**

The plaintiff is a Maryland citizen. (Compl. at 2.) The defendant is a corporation engaged in collecting debts from consumers using the telephone and mail. (Id.) It is a Delaware

corporation with its principal place of business in New York. (Id.)

The plaintiff claims that in December 2009 the defendant repeatedly harassed and intimidated her in order to collect a debt. (Id. at 3.) She alleges that the defendant contacted her over seven times at her place of employment, despite her request not to be contacted there. (Id.) The plaintiff additionally alleges that the defendant withdrew $1,500 from her bank account without authorization, causing her to incur significant overdraft fees. (Id.) The defendant now moves to transfer venue pursuant to 28 U.S.C. § ("Section") 1404(a). (Mot. to Transfer Venue.)

## DISCUSSION

**I.  Legal Standard**

Section 1404 provides for the transfer of an action to a more convenient forum. 28 U.S.C. § 1404(a). Pursuant to Section 1404, "a district court may transfer any civil action to any other district or division where it might have been brought." Id. A court may do so only if the transfer is "in the interest of justice" and "[f]or the convenience of parties." Id. Transfer is appropriate only when the proposed venue is one in which the action might have originally have been brought. Id. Thus, the Court must make an initial determination that the proposed forum is appropriate. Zapf v. Bamber, No. 04-3823, 2005 U.S. Dist. Lexis 36379, at *3 (D.N.J. Aug. 26, 2005).

Section 1391 provides the guidelines for determining where venue is appropriate. See 28 U.S.C. 1391(b). Under Section 1391, venue is proper "in a judicial district where any defendant resides if all defendants reside in the same State [or] a judicial district where a substantial part of the events or omissions giving rise to the claim occurred." Id.

If the proposed alternative forum is appropriate, it is then within the Court's discretion to transfer the action. Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995). The party seeking to transfer venue bears the burden of demonstrating that transfer is appropriate. Yocham v. Novartis Pharms. Corp., 565 F.Supp.2d 554, 557 (D.N.J. 2008).

Courts balance private and public interests when deciding whether to transfer venue under Section 1404(a). Jumara, 55 F.3d at 879. Private interests include a plaintiff's choice of forum, a defendant's preference, whether the claim arose elsewhere, convenience of the parties as indicated by their physical and financial condition, convenience of the witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent that they could not be produced in alternative fora. Id.; Yocham, 565 F.Supp.2d at 557.

Courts also consider public interests in the Section 1404(a) analysis, including enforceability of a judgment, practical considerations that could make the trial easy, expeditious, or

inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law. Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

**II. Application of the Legal Standard**

The Court must first determine whether the proposed venue is an appropriate forum for the action, determining whether a "substantial part of the events . . . giving rise to the claim occurred" in the District of Maryland or whether the defendant resides in that district. 28 U.S.C. § 1391(b)(2). The events giving rise to the plaintiff's claim occurred in the plaintiff's home state of Maryland. (Compl. at 3.) Venue would therefore be appropriate in the District of Maryland. See 28 U.S.C. § 1391(b).

The defendant still must demonstrate that the District of Maryland is the more convenient forum. See Yocham, 565 F.Supp.2d at 557. The defendant asserts that the relevant Jumara factors make transfer appropriate. (Dkt. entry no. 7, Def. Br. at 3.) It contends that transfer is proper because "the alleged offensive conduct occurred" in Maryland. (Id.) The defendant notes that a plaintiff's preference is usually given great weight, but argues that less deference is awarded to "a plaintiff who is not a resident of the state where the case is brought."

(Id.) The defendant also asserts that the convenience of the parties and witnesses favors a transfer. (Id.) The plaintiff argues that the Court should deny the motion to transfer based on her preference to adjudicate her claims in New Jersey and that the Court should give deference to her choice. (Pl. Br. at 4.) She further contends that New Jersey is a proper venue because the defendant maintains a registered office in the state. (Id.)

The Court, in its broad discretion under Section 1404, finds that transfer is appropriate in this case. The defendant has shown that the public and private factors favor transfer to the District of Maryland. The defendant has the burden of "establishing the need for transfer," and the defendant has successfully done so. Jumara, 55 F.3d at 879.

A.  **Private Factors**

   1.  **Choice of Venue**

The defendant's preference of litigating in the District of Maryland weighs in favor of transfer. See Id. (explaining that the defendant's forum preference is among the private interests that courts should consider when evaluating a motion to transfer). The plaintiff's choice of forum is the District of New Jersey, but the plaintiff's choice "receives less weight where the plaintiff does not live in that forum." Costello v. Novartis Pharm. Corp., No. 05-3841, 2006 WL 1479800, at *2 (E.D. Pa. May 25, 2006). The plaintiff here is a citizen of Maryland.

(Compl. at 2.)  Her choice of forum is thus not entitled to the same degree of deference as if she had selected her home forum, and the defendant's preference weighs in favor of transfer.

### 2. Location of Events Giving Rise to the Action

The alleged conduct giving rise to the action occurred in Maryland. (Id. at 3.)  The plaintiff does not have any apparent connections with the state of New Jersey.  The defendant's only alleged connection with New Jersey is having an office for service of process in New Jersey.  (Id. at 2.)  This connection, however, does not appear to outweigh the factors favoring a transfer to Maryland.  See Johnson v. Gen. Dynamics Info. Tech., 675 F.Supp.2d 236, 241-42 (D.N.H. 2009) (transferring action, even though the defendant had registered agent in the original venue); Matt v. Baxter Healthcare Corp., 74 F.Supp.2d 467, 468-69 (E.D. Pa. 1999) (granting motion to transfer, even though defendant had registered agent in original venue).  Thus, it appears that this action would more properly have been brought in Maryland.

### 3. Convenience of the Parties

The defendant further alleges that venue in the District of Maryland is more convenient for the parties.  (Def. Br. at 3.)  Neither party is a citizen of New Jersey.  It appears, however, that, as a citizen of Maryland, the plaintiff would have a more convenient forum in the District of Maryland.  "From an economic

standpoint it certainly makes sense to conduct a trial . . . where only one party and witnesses have to travel rather than where both parties have to travel." Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 485 (D.N.J. 1993). Moreover, given that both parties would be required to travel to New Jersey, a transfer in this case would not "simply shift the inconvenience of litigation from one party to another." Id. Thus, the convenience of the parties mitigates in favor of a transfer. The convenience of counsel is not a consideration as to proper venue. See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**B.  Public Factors**

The alleged conduct giving rise to the action occurred in Maryland. (Compl. at 3.) None of the alleged actionable conduct occurred in New Jersey. Thus, Maryland is the forum with the more significant connection to the events giving rise to this litigation and, therefore, "has a strong public interest in adjudicating the dispute." Tischio v. Bontex Inc., 16 F.Supp.2d 511, 526 (D.N.J. 1998). Additionally, the Court should not be burdened with such litigation. See Honeywell, 817 F.Supp at 486 (finding transfer appropriate because jury duty ought not to be imposed on a community having no relation to the litigation). Accordingly, these public factors weigh in favor of transfer to the District of Maryland.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant the motion.  The Court will issue an appropriate order.

s/ Mary L. Cooper<br>
**MARY L. COOPER**<br>
United States District Judge

Dated:    June 11, 2010